## IN THE CIRCSUIT COURT OF MARSHALL COUNTY MISSISSIPPI

**SUSAN Y. PARSONS**                                                             **PLAINTIFF**

**VS.**                                                         **CIVIL ACTION NO.: CV2018-282**

**UNUM LIFE INSURANCE COMPANY OF AMERICA,**
**UNUM GROUP, AND JOHN DOES 1-50**                                **DEFENDANTS**

### AMENDED COMPLAINT

**COMES NOW** the Plaintiff, Susan Y. Parsons (hereinafter "Plaintiff"), and brings this Complaint against the Defendants, Unum Life Insurance Company of America, Unum Group, and John Does 1-50, (hereinafter "Defendants") and for cause, would show as follows:

### PARTIES

1. The Plaintiff is an adult resident citizen of Marshall County, Mississippi, whose address is 4572 Highway 178 East, Potts Camp, Mississippi 38659.

2. Defendant, Unum Life Insurance Company of America (hereinafter "Unum Life") is a foreign insurance company organized in existing under the laws of Maine. Defendant Unum Life's principal place of business is located at 2211 Congress Street, Portland, Maine 04122. Unum Life's mailing address listed with the Mississippi Commissioner of Insurance is 1 Fountain Square, 6N, Chattanooga, Tennessee 37402. At all times alleged herein, Unum Life was licensed to write insurance in and actually doing business in the State of Mississippi. Unum Life's registered agent for service of process in the State of Mississippi is United States Corporation Company, 7716 Old Canton Road, Suite C, Madison, Mississippi 39110. Process may be served on the Defendant Unum Life by service on it registered agent at said address or by service on the Mississippi Commissioner of Insurance or otherwise as provided by Rule 4 of the Federal Rules of Civil Procedure.

3. Defendant, Unum Group, is a foreign company organized and existing under the laws of the State of Delaware. Defendant Unum Group's principal place of business is located at 1 Fountain Square, Chattanooga, Tennessee 37402. At all times alleged herein, Unum Group was registered to do and actually doing business in the State of Mississippi. Unum Group's registered agent for service of process in the State of Mississippi is Corporation Service Company, 7716 Old Canton Road, Suite C, Madison, Mississippi 39110. Process may be served on the Defendant Unum Group by service on it registered agent at said address or otherwise as provided by Rule 4 of the Federal Rules of Civil Procedure.

## FACTUAL BASIS OF THIS COMPLAINT

4. In or about 2004, Plaintiff elected Accidental Death and Dismemberment Insurance coverage for both herself and her husband, William M. Parsons, through her employer Tenet Healthcare (hereinafter "Tenet"). Plaintiff and her husband were insured against accidental death and dismemberment through a Life and Accidental Death and Dismemberment policy, policy, Number 546864, underwritten by Defendant Unum Life, a subsidiary of Unum Group.

5. Said policy provided an accidental death benefit of $50.000.00. Premiums for the Life and Accidental Death and Dismemberment benefits were deducted from Plaintiff's payroll check from Tenet.

6. On April 29, 2017, William M. Parsons died after falling from a tractor which then ran over him. Mr. Parsons's actual cause of death as listed on his death certificate was blunt force trauma to the body. While Mr. Parsons may have suffered a medical event prior to the accident, but for Mr. Parsons's daughter, Ms. Hart, attempting to assist her father, he would not have fallen off of the tractor or been run over by it. The blunt force trauma to his body resulting from the tractor running over him, clearly an accident, was the actual cause of his death.

7. Subsequent to Mr. Parson's accidental death, the Plaintiff notified Defendants, Unum Life and Unum Group, of his accidental death.

8. On or about June 26, 2017, Defendants denied the accidental death benefit claim via letter from Defendant Unum Group sent to Plaintiff at her home address.

9. On or about September 23, 2017, Plaintiff appealed this initial denial of accidental death benefit.

10. Rather than promptly remitting its check in the amount of $50,000.00, as it unequivocally was obligated to do under the clear and unambiguous terms of the Life and Accidental Death and Dismemberment policy, on or about November 10, 2017, Defendants issued their appeal decision and again denied the accidental death claim via letter from Defendant Unum Group sent to Plaintiff at her home address.

11. Defendants based this denial of death benefits on a sheriff's report that stated Mr. Parsons had already turned blue and was not breathing when Ms. Hart found him. This mistake was contradicted in information provided to Defendants by Plaintiff in her appeal, including the sworn written statement of Ms. Hart that her father began turning blue **AFTER** he was run over by the tractor. Defendants allege in their appeal denial that Plaintiff made no allegation that said sheriff's report was incorrect, when in fact Mrs. Parsons did state in her appeal letter that the allegation that Mr. Parsons was found on the tractor cyanotic was untrue. She further stated that her husband did not start turning blue until after the tractor ran over him. Furthermore, Ms. Hart's sworn written statement submitted by Plaintiff on appeal unequivocally challenged the veracity of the sheriff's statement.

12. As a direct and proximate result of the aforementioned unreasonable and Bad Faith action and conduct on part of these Defendants, the Plaintiff, Mrs. Parsons, has suffered, and will continue to suffer, damages as a consequence thereof in an amount to be shown upon trial.

### DEFENDANT'S BREACH OF DUTY OF GOOD FAITH
### AND FAIR DEALING

13. Plaintiff refers to paragraphs 1 through 12, inclusive, and incorporates them here as if set forth in full herein.

14. The subject Life and Accidental Death and Dismemberment policy was undertaken by officers and managing agents of Defendants, Unum Life and Unum Group, who were and remain responsible for all claims, operations, communications and/or decisions that pertain to administering payment of accidental death benefits, as contemplated under the provisions of said policy. The conduct and actions undertaken by Defendants, Unum Life and Unum Group, in an effort to delay and/or deny payment of such benefits to Plaintiff was done for Unum Life and Unum Group's benefit, and with Unum Life and Unum Group having approved of the scheme in advance, such that said action and conduct was authorized and ratified by Defendants, Unum Life and Unum Group's, managing agents, directors, and other officers, whose precise identities are presently unknown to Plaintiff at this time and are therefore designated here as DOES 1 through 50, inclusive. Plaintiff may therefore, subsequently, amend this Complaint in order to add person or persons, if necessary.

15. Defendants were informed by Plaintiff of the circumstances of Mr. Parson's accidental death. Defendants have failed to honor the terms and provisions of the Life and Accidental Death and Dismemberment policy by remitting to Plaintiff a check in the amount of $50,000.00, in compliance with the terms and provisions thereof. Defendants, Unum Life and Unum Group,

4

acting by and through the auspices of Defendant DOES 1 thru 50, and each of them, have breached their duty of good faith and fair dealing, as owed to Plaintiff in the following respects:

a. Defendants have failed and refused to authorize the issuance of a check to be drawn on Unum Life and/or Unum Group's Loss Payable account in the amount of $50,000.00, to Mr. Parsons's beneficiary, Susan Parsons. Disbursement of proceeds in that amount are presently due and owing to this Plaintiff, pursuant to the provisions of the Life and Accidental Death and Dismemberment policy;

b. Defendants, and each of them, were aware that their breach of duty of good faith and fair dealing would cause Plaintiff's physical and psychological health to deteriorate further as the direct and proximate result of Defendants' continuing refusal to act in good faith. Yet, Defendants persist in their failure to permit a check in the amount of $50,000.00, as drawn on Unum Life and/or Unum Group's Loss Payable account, to be issued to this Plaintiff even though the Plaintiff has provided these Defendants with specific information in regard to insured William Parsons's accidental death, and the causal connection of said death and accident which is involved in this claim, to a degree more than sufficient to provide notice to these Defendants that such funds are presently due and owing to this Plaintiff, pursuant to the provisions of the Life and Accidental Death and Dismemberment policy;

c. Defendants, and each of them, have unreasonably delayed in recommending and making payment of the aforesaid accidental death benefits to this Plaintiff in Bad Faith, while knowing such claim for accidental death benefits to be valid pursuant to the provisions of the Accidental Death and Dismemberment policy;

5

d. Defendants, and each of them, have unreasonably withheld payment of accidental death benefits to William Parsons's insurance beneficiary, Susan Parsons, in Bad Faith, while knowing such claim for accidental death benefits to be valid pursuant to the provisions of the Life and Accidental Death and Dismemberment policy;

e. Defendants, and each of them, have unreasonably and in Bad Faith failed to pay Plaintiff's claim for accidental death benefits at a time when Defendants had insufficient justification - or, indeed <u>no justification whatsoever</u> - for their action (or, more accurately, inaction);

f. Defendants, and each of them, have unreasonably and in Bad Faith failed to pay Plaintiff's claim for accidental death benefits without interviewing Mrs. Parsons, Ms. Hart, or the decedent, Mr. Parsons's, medical providers and without making any effort whatsoever to ascertain the actual cause of Mr. Parsons's death, as resulting from his accident of April 29, 2017, and its aftermath;

g. Defendants, and each of them, have unreasonably and in Bad Faith misrepresented to Plaintiff pertinent provisions of the Life and Accidental Death and Dismemberment policy relating to Plaintiff's present claim for accidental death benefits. Specifically, Defendants, and each of them, negligently misrepresented and/or concealed to and from this Plaintiff Unum Life and/or Unum Group's supposed knowledge with regard to the correct and proper cause of the decedent, Mr. Parsons's, accident and the causal connection of said accident to his death, and the present claim for accidental death benefits pursuant to the provisions of the Life and Accidental Death and Dismemberment policy;

h. Defendants, and each of them, have, in no way whatsoever, attempted to effectuate a fair and equitable settlement of Plaintiff's claim for accidental death benefits pursuant to the provisions of the Life and Accidental Death and Dismemberment policy, but, instead,

i. Defendants, and each of them, have instituted totally meritless, unjustified, and unsupported denials of said accidental death benefits claim, for the purpose of harassing Plaintiff, extending benefits and interest gained by Defendants on said funds and/or denying to Plaintiff the payment of insurance proceeds to which Plaintiff is clearly entitled under the accidental death provisions of the Life and Accidental Death and Dismemberment policy coverage of William Parsons in effect on April 29, 2017;

j. Defendants, Unum Life and Unum Group, have permitted its employees, and specifically, but not necessarily limited to, Defendant DOES 1 thru 50, who, as far as Plaintiff is presently aware, apparently practice neither law nor medicine to benefit financially through incentives based on corporate profit. Such incentives consist of, *inter alia*, the routine denial of legitimate claims, including, but not necessarily limited to, the routine denial of accidental death benefits, which have been submitted to Unum Life and/or Unum Group for payments by Unum Life and/or Unum Group's many and various insureds. Unum Life and/or Unum Group's creation of such financial incentives thus creates and causes a concomitant conflict of interest between Unum Life and/or Unum Group's employees, including, but not necessarily limited to, Defendant DOES 1 thru 50, and Unum Life and/or Unum Group's customers, all to the detriment of the Companies' insured, such as Plaintiff, who pay the premiums, which

allow insurance companies, such as the present corporate Defendants to continue to operate as a viable, successful and profitable business enterprise.

16. The Defendants, Unum Life and Unum Group, acting by and through the auspices of Defendant DOES 1 thru 50, failed to properly investigate the Accidental Death claim submitted by Plaintiff. Defendants, and each of them, improperly failed to review the information submitted by Plaintiff on appeal as clearly evidenced by Defendants' allegation that Plaintiff did not challenge the veracity of information relied upon by Defendants in their initial denial of the claim. If Defendants, and each of them, had reviewed the information submitted by Plaintiff on appeal, it would have been obvious that Plaintiff in fact did clearly and unequivocally state that Defendants, and each of them, had relied on mistaken information in their initial denial determination. Defendants' appeal investigation was not objectively conducted, and was in fact only done to further Defendants', and each of them, pretense to deny benefits to Plaintiff herein. Defendants', and each of them, conduct constituted bad faith which allows the Plaintiff to recover punitive damages for their egregious conduct.

17. Plaintiff paid premiums and Defendants, Unum Life and Unum Group, acting by and through the auspices of Defendant DOES 1 thru 50, accepted Plaintiff's premiums for coverage under the Life and Accidental Death and Dismemberment policy, Number 546864, yet Plaintiff has received no compensation under the accidental death benefit obligations of the policy. Defendants, and each of them, have continually pursued invalid defense mechanisms to avoid payment of this valid claim. Defendants, and each of them, have unreasonably and in Bath Faith failed to pay Plaintiff's claim for accidental death benefits at a time when Defendants had insufficient justification - or, indeed <u>no justification whatsoever</u> - for their action (or, more accurately, inaction).

18. Accordingly, Defendants Unum Life and Unum Group's conduct, as described herein, offends all acceptable notions and standards of ethics - even in the insurance business, - where, in Bad Faith, Defendants Unum Life and Unum Group, acting by and through the auspices of Defendant DOES 1 thru 50 and each of them, have denied the existence of a binding contract between Unum Life and/or Unum Group and William and Susan Parsons, to provide insurance coverage, along with the corresponding benefits, in the event that either of the insured Parsons had the misfortune to be involved in an accident that resulted in his or her death. Thus Defendants, and each of them, acted without a reasonable belief in the acuity of their position in denying Mrs. Parsons's claim to accidental death benefits pursuant to the provisions of the Life and Accidental Death and Dismemberment policy.

19. Plaintiff is informed and believe, and thus alleges that Defendants, and each of them, have breached Defendants' duty of good faith and fair dealing through and by other acts or omissions of which Plaintiff are presently unaware, but which Plaintiff will show at trial according to the ultimate proof and truth thereof.

20. As a direct and proximate result of the aforementioned unreasonable and Bad Faith acts and conduct on the part of Defendants, Unum Life and Unum Group, acting by and through the auspices of Defendant DOES 1 thru 50, and each of them, this Plaintiff has suffered and will continue to suffer future damages stemming from these Defendants' breach of the provisions of the Life and Accidental Death and Dismemberment policy, together with interest and other economic and consequential damages, for a total amount to be shown at trial.

21. As a further direct and proximate result of the aforementioned unreasonable and Bad Faith acts and conduct on the part of Defendants, Unum Life and Unum Group, acting by and through the auspices of Defendant DOES 1 thru 50, and each of them, this Plaintiff has also

suffered great emotional distress, mental anguish and pain, all to this Plaintiff's general damage, in an amount to be determined at the time of trial.

22. As a further direct and proximate result of the aforementioned unreasonable and Bad Faith acts and conduct on the part of Defendants Unum Life and Unum Group, acting by and through the auspices of Defendant DOES 1 thru 50, and each of them, this Plaintiff has been compelled to retain legal counsel for the purpose of obtaining the accidental death benefits that are rightfully now due and owing to the Plaintiff pursuant to the provisions of the Life and Accidental Death and Dismemberment policy. Therefore, Defendants, and each of them, are liable to this Plaintiff for those attorney's fees unnecessarily incurred by Plaintiff in order to secure the aforementioned accidental death benefits in an amount to be determined at trial.

23. The conduct of Defendants Unum Life and Unum Group, acting by and through the auspices of Defendant DOES 1 thru 50, and each of them, inclusive, as described herein, was intended by those named and unnamed Defendants to cause injury to Plaintiff, or was despicable conduct carried on by these Defendants with a willful and conscious disregard of the facts of this claim and of the rights of the Plaintiff which subjected Plaintiff to cruel and unjust hardship, and was an intentional misrepresentation, deceit or concealment of a material fact known to said Defendants, which was made by Defendants with the intention and purpose of depriving these Plaintiff of property, legal rights or to otherwise cause injury to this Plaintiff such as to constitute actual malice, or evinces actual fraud on the part of Unum Life and Unum Group and Defendant DOES 1 through 50, inclusive, thereby entitling these Plaintiff to an award of punitive damages, pursuant to Section 11-1-65 of the Mississippi Code, in the maximum sum permitted under part (3)(a) of that Statute.

24. The acts and omissions on the part of the Defendants Unum Life and Unum Group, acting by and through the auspices of Defendant DOES 1 through 50, and each of them, were grossly negligent, and evince a willful, wanton or reckless disregard for the Plaintiff and Defendant DOES 1 through 50, inclusive, thereby entitling these Plaintiff to an award of punitive damages, pursuant to Section 11-1-65 of the Mississippi Code, in the maximum sum permitted under part (3)(a) of that Statute.

## NEGLIGENCE

25. Plaintiff refers to paragraphs 1 through 24, inclusive, and incorporate them here as if set forth in full herein.

26. At all times relevant here, Defendants Unum Life and Unum Group, acting by and through the auspices of Defendant DOES 1 through 50, and each of them, knew that this Plaintiff would rely upon the accuracy, good faith, competence, and expertise of these said Defendants, and each of them, whether said individual defendants serve as Defendants Unum Life and/or Unum Group's employees, aids and/or officers, when such individual defendants were charged with handling, processing and/or investigating the Plaintiff's request for accidental death benefits pursuant to the provisions of the subject Life and Accidental Death and Dismemberment policy. Accordingly, these Defendants, and each of them, recognized, or should have recognized, the critical importance to this Plaintiff of performing competently and truthfully with respect to the handling, processing and/or investigation of this Plaintiff-aforenoted request for accidental death benefits. As such, these Defendants, including the putative Doe Defendants as well, and each of them, owed a duty to this Plaintiff to perform such duties competently, promptly, and with the highest good faith when said defendants were investigating, handling, and/or processing this

Plaintiff's request for accidental death benefits, pursuant to the terms and conditions of the subject Life and Accidental Death and Dismemberment policy.

27. At all times relevant here, accordingly, Defendants Unum Life and Unum Group acting by and through the auspices of Defendant DOES 1 through 50, and each of them, were negligent and careless in said individual Defendants' failure to perform their duty to fully investigate the validity and appropriateness of this Plaintiff's claim for accidental death benefits, pursuant to the terms and conditions of the subject Life and Accidental Death and Dismemberment policy. Rather than conducting such an investigation, however, Defendants Unum Life and Unum Group, acting by and through the auspices of Defendant DOES 1 through 50, and each of them, instead instigated the totally meritless, unjustified, and grossly deficient denial of the claim, for the purpose of harassing and intimidating Plaintiff into abandoning her right to claim the accidental death benefits to which this Plaintiff is clearly entitled under the provisions of the subject Life and Accidental Death and Dismemberment policy. Defendants Unum Life and Unum Group, acting by and through the auspices of Defendant DOES 1 through 50, and each of them, are responsible for claims made by Unum Life's insureds—including, of course, claims for accidental death benefits, such that Defendant DOES 1 through 50, and each of them, are thus concomitantly responsible for all operations, communications and/or decisions which are endemic in and to the handling, processing, and investigation of such claims.

28. Thus, the herein described conduct on the part of Defendant DOES 1 through 50, and each of them, was undertaken on behalf and for the benefit of Defendants Unum Life and Unum Group. Said corporate Defendants thus had advance knowledge with regard to the actions and conduct of the individual Defendant DOES 1 through 50, and each of them, such that Unum Life and Unum Group ratified, authorized and approved the aforementioned actions and conduct of the

individual Defendant DOES 1 through 50, and each of them, in terms of the denial of accidental death benefits to these Plaintiff's, in the manner described heretofore above.

29. As a direct and proximate result of the actions and conduct of Defendants Unum Life and Unum Group acting by and through the auspices of Defendant DOES 1 through 50, and each of them, this Plaintiff has suffered and will continue to suffer in the future, damages, as occasioned by the negligent acts and omissions on behalf of Defendants Unum Life and Unum Group, acting by and through the auspices of Defendant DOES 1 through 50, and each of them, in failing to properly administer the provisions of the decedent and Plaintiff's accidental death and dismemberment coverage in the manner described herein. The exact amount of Plaintiff's economic and consequential damages, as brought about by and through the aforesaid acts and omissions on behalf of Defendants Unum Life and Unum Group, acting by and through the auspices of Defendant DOES 1 through 50, and each of them, is incalculable at this time, but will be proven upon trial of this matter.

30. The above described negligent acts and omissions on the part of Defendants, Unum Life and Unum Group, acting by and through the auspices of Defendant DOES 1 through 50, and each of them, were made with and in conscious disregard for the Plaintiff, and with willful disregard of the undisputed facts involved in this claim, thereby entitling, warranting and justifying an award of punitive damages pursuant to Section 11-1-65 of the Mississippi Code, in the maximum sum permitted under part (3)(a) of that Statute, to this Plaintiff.

## BREACH OF CONTRACT

31. Plaintiff refers to paragraphs 1 through 30, inclusive, and incorporate them here as if set forth in full herein.

32. The Defendants, Unum Life and Unum Group, acting by and through the auspices of Defendant DOES 1 through 50, and each of them, have materially breached the policy agreement by failing to honor the accidental death provisions per the terms of the agreement.

33. The Plaintiff, Susan Parsons, fully performed each and every obligation under Defendant, Unum Life's policy, including, but not limited to, payment of all premiums due.

34. In return for meeting the burdens and obligations of the life insurance policy, the decedent, William Parsons, and the Plaintiff, Susan Parsons, were entitled to the benefits specifically set forth in the policy. However, Defendants Unum Life and Unum group have not at any time made a good faith effort to fulfill its obligations and duties under the policy.

35. Plaintiff has received no compensation of accidental death benefits in return for these fulfilled obligations. Instead, from the first notice of a valid claim for accidental death benefits, Defendants have continually pursued all invalid defense mechanisms to avoid payment of this valid claim.

**WHEREFORE, PREMISES CONSIDERED**, Plaintiff, Susan Parsons, demands judgment against the Defendants as follows: Plaintiff demands Fifty Thousand Dollars ($50,000.00) in Actual Compensatory Damages, together with attorney's fees and Punitive Damages in the maximum amount permitted Section 11-1-65 of the Mississippi Code to be determined by the trier of fact, and any pre-judgment and post-judgment interest at the highest lawful rate, and all costs of court, for all of which execution may issue. Plaintiff also prays for general relief

Plaintiff demands trial by jury.

Respectfully submitted, on this the 27th day of September, 2018.

**PLAINTIFF**

BY: *[signature]*

**DAVID B. McLAURIN**
**MSB#2714**
McLAURIN LAW OFFICES, PLLC
1202 Office Park Drive, Suite D
Oxford, Mississippi 38655
Telephone: (662) 640-4573
Facsimile: (662) 269-4699
david@mclaurinlaw.com

**FILED**

SEP 27 2018

**LUCY CARPENTER**
CIRCUIT CLERK, MARSHALL CO., MS
BY ℞ℰ D.C.

15